UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA

| ALASTAIR DOMINIC MOTON, | ) | |
|---|---|---|
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO.: 3:16-CV-239-TLS |
| | ) | |
| TACO BELL FRANCHISE CORP., | ) | |
| *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION AND ORDER**

Alastair Dominic Moton, a *pro se* plaintiff, filed a Complaint alleging employment discrimination. [ECF No. 1.] Pursuant to 28 U.S.C. § 1915A, the Court must review the Complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. The Court applies the same standard as when deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602–03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603 (quotation marks omitted). The Court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

While the Plaintiff's Complaint is not a model of clarity, it appears he is suing his former employer, Taco Bell, and his former supervisor, Marrlynn, (collectively "the Defendants") for

terminating his employment in 2011. He alleges many state law claims and also asserts that the Defendants violated his federal constitutional rights and his rights under Title VII of the Civil Rights Act.

Neither of the Plaintiff's federal claims are viable. As a threshold matter, the Plaintiff has not alleged any factual content from which a plausible claim for employment discrimination under Title VII can be inferred. In order to prove a prima facie case of race or gender discrimination, a plaintiff must show that (1) he is a member of a protected class, (2) he was meeting his employer's legitimate performance expectations, (3) he suffered an adverse employment action, and (4) other similarly situated employees who were not members of the protected class were treated more favorably. *Fane v. Locke Reynolds, LLP*, 480 F.3d 534, 538 (7th Cir. 2007). The Plaintiff does not meet any of these showings.

Nevertheless, even if he could make such a showing, his claims would be time-barred. Any claims for discrimination under Title VII must first be raised with the Equal Employment Opportunity Commission ("EEOC") within 300 days after the alleged unlawful employment practice took place. *Beamon v. Ilsley Trust Co.*, 411 F.3d 854, 860 (7th Cir. 2005). A plaintiff then has only 90 days after the EEOC issues a right to sue letter to then file suit. *Williams-Guice v. Bd. of Educ. of the City of Chi.*, 45 F.3d 161, 162 (7th Cir. 1995). Though the statute of limitations is an affirmative defense, "a plaintiff can plead himself out of court. If he alleges facts that show he isn't entitled to a judgment, he's out of luck." *Early v. Bankers Life and Cas. Co.*, 959 F.2d 75, 79 (7th Cir. 1992) (citations omitted). Such is the case here. Because the Plaintiff filed this Complaint against the Defendants more than five years after the employment discrimination claims arose, they are barred by the applicable statute of limitations.

The Plaintiff's constitutional claims brought under 42 U.S.C. § 1983, which provides a cause of action to redress the violation of federally secured rights by a person acting under state law, fare no better. "In order to state a claim under § 1983 a plaintiff must allege: (1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). The Plaintiff's lawsuit stems from the alleged actions of Taco Bell and one of its employees. The Constitution only protects against acts of defendants acting under color of state law, *Savory*, 469 F.3d at 670, and neither Defendant was acting under color of state law. Thus, the Plaintiff cannot maintain constitutional claims against these private actors.

Moreover, like his Title VII claims, any constitutional claims would nonetheless be untimely. "Indiana's two-year statute of limitations . . . is applicable to all causes of action brought in Indiana under 42 U.S.C. § 1983." *Snodderly v. R.U.F.F. Drug Enf't Task Force*, 239 F.3d 892, 894 (7th Cir. 2001). Because the Plaintiff filed his Complaint against the Defendants more than two years after his claims arose, those claims are barred by the applicable two-year statute of limitations.

As to the many alleged state law claims identified in the Plaintiff's Complaint, the Court does not purport to adjudicate any of them. The Court will dismiss any state law claims contained in the Complaint without prejudice should the Plaintiff wish to pursue them in state court. *See Doe-2 v. McLean Cty. Unit Dist. No. 5 Bd. of Dirs.,* 593 F.3d 507, 513 (7th Cir. 2010) ("Ordinarily, when a district court dismisses the federal claims conferring original jurisdiction prior to trial, it relinquishes supplemental jurisdiction over any state-law claims under 28 U.S.C. § 1367(c)."). The

Court offers no opinion about the wisdom of pursuing this course or the merit of any potential claim the Plaintiff may have.

Regarding the Plaintiff's federal claims, it is usually necessary to permit a Plaintiff the opportunity to file an amended complaint when a case is dismissed *sua sponte*, *see Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1025 (7th Cir. 2013), but it is unnecessary where the amendment would be futile. *Hukic v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009) ("[C]ourts have broad discretion to deny leave to amend where . . . the amendment would be futile."). Such is the case here, as no amendment could cure the numerous deficiencies in Moton's federal claims.

For these reasons, the federal claims contained in the Complaint [ECF No. 1] are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A, and any state law claims contained in the Complaint are **DISMISSED WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1367(c).

SO ORDERED on September 7, 2016.

s/ Theresa L. Springmann
THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT
FORT WAYNE DIVISION